310 F.3d 1217
 UNITED STATES of America, Plaintiff-Appellee,
v.
Salvador SIERRA-VELASQUEZ, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Crescencio Martinez-Avendano, Defendant-Appellant.
United States of America, Plaintiff-Appellant,
v.
Salvador Sierra-Velasquez, Defendant-Appellee.
United States of America, Plaintiff-Appellant,
v.
Crescencio Martinez-Avendano, Defendant-Appellee.
United States of America, Plaintiff-Appellee,
v.
Gonzalo Guerrero-Arana, aka Conan; aka Gonzalo Arana-Guerrero, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Mario Arenas-Morales, aka Marino Arenas-Morales, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Manuel Gonzales-Garcia, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Carlos Garcia-Serrano, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Ruben Amezcua-Casa, Defendant-Appellant.
 No. 00-50749.
 No. 01-50042.
 No. 01-50155.
 No. 00-50750.
 No. 01-50151.
 No. 01-50446.
 No. 01-50030.
 No. 01-50157.
 No. 01-50432.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 9, 2002.
 Filed November 22, 2002.
 
 Tracey Wilkison, Assistant United States Attorney, Jason Forge, Assistant United States Attorney, Los Angeles, CA, for the plaintiff-appellee-appellant.
 Robert Ramsey, Jr., Ramsey & Price, Kenneth M. Miller, Stewart & Miller, Los Angeles, CA, Edmundo Espinoza B., Del Mar, CA, Brian A. Newman, Law Offices of Brian A. Newman, Culver City, CA, Richard M. Callahan, Jr., Pasadena, CA, Stephen M. Lathrop, Lathrop & Villa, Los Angeles, CA, for the defendants-appellants.
 Appeal from the United States District Court for the Central District of California, A. Howard Matz, District Judge, Presiding, George H. King, District Judge, Presiding. D.C. Nos. CR-99-000877-AHM-02, CR-99-00877-AHM-03, CR-99-00877-AHM-12, CR-99-00877-AHM-2, CR-99-00877-AHM-01, CR-00-00877-AHM-11 CR-99-01292-GHK(1), CR-99-01292-GHK-05, CR-99-01292-GHK(2), CR-99-01292-GHK-6.
 Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER,* District Judge.
 OPINION
 SCHROEDER, Chief Judge.
 
 
 1
 These are consolidated appeals from jury trial convictions for conspiracy and hostage taking. Defendant Appellants, Salvador Sierra Velasquez, Crescencio Martinez Avendano, Gonzalo Guerrero Arana, Mario Arenas Morales, Manuel Gonzales Garcia, Carlos Garcia Serrano, and Ruben Amezcua Casa, were all persons engaged in an illegal alien smuggling operation. The record shows that they agreed to take a group of aliens into the United States from Mexico for a fee, and then brutally detained the aliens against their will while demanding that the fee be paid. The principal legal question on appeal is whether their operation constituted hostage taking within the meaning of 18 U.S.C. § 1203(a), or whether hostage taking in the alien smuggling context must be limited to the circumstances we dealt with in United States v. Lopez-Flores, 63 F.3d 1468 (9th Cir.1995).
 
 
 2
 In Lopez-Flores, the defendants agreed to smuggle an alien from Mexico to the United States for a fee. 63 F.3d at 1470. They then took the alien to a different location than was previously agreed upon, and demanded a higher smuggling fee. Id. The court found that these circumstances rendered the detention non-consensual and affirmed the conviction. Id. at 1477-78.
 
 
 3
 The defendant-appellants here maintain that there can be no crime of hostage taking unless the defendants increased the agreed-upon amount of the fee, as occurred in Lopez-Flores. Lopez-Flores, however, does not limit hostage taking to the facts of that case. It holds only that the elements of the crime of hostage taking were satisfied in that case.
 
 
 4
 The elements of hostage taking are: (1) a seizure or detention; (2) a threat to kill, injure, or continue to detain; (3) with the purpose of compelling a third person or governmental entity to act in some way or refrain from acting. 18 U.S.C. § 1203(a). All of the elements are satisfied here as well. There was a seizure or detention within the meaning of § 1203(a) from the time the defendants began to hold the aliens in a manner that was not contemplated in the alien smuggling agreement. At that point, the aliens were no longer consensually in the custody of the smuggling defendants. The record supports the jury's finding that the defendants threatened to kill the aliens, thus satisfying the second element. Finally, defendants made payment demands of the aliens' families. The record supports a finding that the defendants would end the non-consensual confinement only if the payment demands were satisfied. Thus the evidence was sufficient to support the jury's verdict of guilt on the hostage taking counts.
 
 
 5
 The evidence was also sufficient to support the convictions for conspiracy. The evidence showed that the defendants took concerted action pursuant to an agreement. The government proved all the elements of the crimes of conviction. The convictions must be affirmed.
 
 
 6
 Arenas claims that the district court erred when it applied a four-level sentencing enhancement pursuant to U.S.S.G. § 3B1.1(a) for his role as an organizer or leader. The enhancement was fully supported, however, as there was ample evidence that Arenas was a leading figure in the conspiracy. See United States v. Barajas-Montiel, 185 F.3d 947, 957 (9th Cir. 1999).
 
 
 7
 Five of the defendants also challenge the two-level enhancement for victim vulnerability under U.S.S.G. § 3A1.1. There was no error. Defendants argue that because all illegal aliens are vulnerable in some sense, there should be no enhancement. Their argument overlooks the fact that the crime of hostage taking is not limited to taking aliens as hostages. The salient point is that aliens who want to enter this country illegally and are dependent on their smugglers for entry are more vulnerable than other categories of persons who may be held hostage for ransom. The district court thus properly applied the factors required to impose the enhancement.
 
 
 8
 Defendants' remaining arguments are without merit.
 
 
 9
 The government cross-appeals the district court's refusal to apply the ransom enhancement of U.S.S.G. § 2A4.1(b)(1) to the sentences of Martinez, Sierra, and Guerrero. The district court held that these defendants could not foresee an increase in the smuggling fee and that there could be no ransom within the meaning of the guideline unless a price was demanded that was higher than the agreed-upon fee. We agree with the other circuits that have held that the ransom enhancement applies anytime a defendant demands money from a third party for a release of a victim, regardless of whether that money is already owed to the defendant. See United States v. DiGiorgio, 193 F.3d 1175, 1178 (11th Cir.1999); United States v. Escobar-Posado, 112 F.3d 82, 83 (2d Cir.1997). The district court should have applied the enhancement.
 
 
 10
 Appellants' convictions are AFFIRMED. On the government's cross-appeal, the sentences of Martinez, Guerrero, and Sierra are VACATED and we REMAND for the imposition of the ransom enhancement. The remaining sentences are AFFIRMED.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 Notes:
 
 
 *
 The Honorable Charles R. Weiner, Senior District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation