**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jesus BENITEZ–NAVARRETE, Defendant—Appellant.**

No. 02–50239.

D.C. No. CR–01–00257–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 16, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BROWNING, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM**

Jesus Benitez–Navarrete appeals his one-hundred sixty-two month sentence imposed following his guilty plea conviction for conspiracy, 18 U.S.C. § 371, hostage taking, 18 U.S.C. § 1203, and use and possession of a firearm in commission of a violent crime, 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

Benitez–Navarrete contends that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2A4.1(b)(1) for making a ransom demand because § 2A4.1(b)(1) is inapplicable to the offense of hostage taking. Benitez–Navarrete also contends that the district court's factual findings are insufficient to sustain the ransom demand enhancement. We review the

district court's interpretation of the sentencing guidelines de novo, and the factual findings underlying the sentencing decision for clear error. *United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001).

 Contrary to Benitez–Navarrete's contention, making a ransom demand need not be an element of the charged offense in order to be properly considered at sentencing. *See United States v. Moreno–Hernandez,* 48 F.3d 1112, 1115 (9th Cir. 1995). Moreover, the district court did not clearly err in finding that Benitez–Navarrete made a ransom demand. As the district judge recognized, because Benitez–Navarrete was not the original smuggler, any amount he demanded constituted a ransom demand regardless of whether it was an increase over the original smuggling fee. *Cf. United States v. Lopez–Flores,* 63 F.3d 1468, 1476 (9th Cir.1995) (noting that, where the *original* smuggler coerces payment from a victim over what the victim initially agreed to pay, the smuggling is no longer consensual). Accordingly, the district court properly enhanced Benitez–Navarrete's sentence after finding that he made a ransom demand. *See United States v. Sierra–Velasquez,* 310 F.3d 1217, 1221 (9th Cir.2002) (holding that the ransom enhancement applies anytime a defendant demands money for the release of a victim).

Benitez–Navarrete also contends that the district court erroneously denied him an additional 1–level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). We review for clear error. *United States v. Hock,* 172 F.3d 676, 681 (9th Cir.1999).

 The district court did not clearly err by denying Benitez–Navarrete an additional one-level reduction for acceptance of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

responsibility because Benitez–Navarrete provided incomplete and evasive information to the government concerning his involvement in the offense, *see United States v. Chee*, 110 F.3d 1489, 1494 (9th Cir.1997), and Benitez–Navarrete did not notify the government of his intent to plead guilty until the day trial was set to commence, *see United States v. Kimple*, 27 F.3d 1409, 1413 (9th Cir.1994).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hernandez's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.