**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

            v.

ABEU GONZALEZ-PEREZ, A.K.A.
Oscar Ortiz-Garcia,
            *Defendant-Appellant.*

No. 05-10693

D.C. No.
CR-04-01554-JMR

OPINION

Appeal from the United States District Court
for the District of Arizona
John M. Roll, District Judge, Presiding

Argued and Submitted
September 11, 2006—San Francisco, California

Filed January 10, 2007

Before: Ferdinand F. Fernandez, William A. Fletcher, and
Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Rawlinson

**COUNSEL**

Jon M. Sands, Federal Public Defender, Tracy Friddle, Asst. Federal Public Defender (argued), Phoenix, Arizona, for the defendant-appellant.

Paul K. Charlton, United States Attorney, Christina M. Cabanillas, Appellate Chief, Bruce M. Ferg, Asst. United States Attorney (argued), Tucson, Arizona, for the plaintiff-appellee.

**OPINION**

RAWLINSON, Circuit Judge:

On appeal, Abeu Gonzalez-Perez challenges his sentence

on the basis that the district court erred in applying a 16-level enhancement to his sentence for a false-imprisonment conviction under Florida law. Specifically, Gonzalez-Perez contends that his prior conviction under Florida's false imprisonment statute does not constitute a "crime of violence" under § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines.[1] We agree. Accordingly, we reverse the district court's imposition of the 16-level enhancement, vacate the sentence and remand for resentencing. We affirm the district court's other rulings made during the sentencing proceedings.

## I.

Gonzalez-Perez pled guilty to illegal re-entry following deportation in violation of 8 U.S.C. § 1326(a). At sentencing, over Gonzalez-Perez's objection, the district court applied a 16-level crime-of-violence enhancement based on a prior conviction for false imprisonment under Fla. Stat. § 787.02(1)(a). *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii). "We review *de novo* a district court's decision that a prior conviction is a crime of violence under the Sentencing Guidelines." *United States v. Velasquez-Reyes*, 427 F.3d 1227, 1229 (9th Cir. 2005) (citation omitted).

## II.

**[1]** A 16-level increase in a defendant's offense level is warranted where the defendant was previously removed after conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1) (A)(ii). In determining "whether a defendant's prior offense constitutes a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii)," this Court applies the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *United States v. Pimentel-Flores*, 339 F.3d 959, 968 (9th Cir. 2003) (citation and internal quotation marks omitted). Under *Taylor*'s categorical approach, to determine

---

[1]All references are to the Guidelines effective on November 1, 2004.

whether a conviction qualifies as a crime of violence, we do not examine the facts underlying the prior offense, but "look only to the fact of conviction and the statutory definition of the prior offense." *Taylor*, 495 U.S. at 602.

The Application Note to § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines, defines crime of violence as:

> any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).

**[2]** Accordingly, Gonzalez-Perez's prior conviction qualifies as a "crime of violence" if Florida's false imprisonment statute, Fla. Stat. § 787.02(1)(a): (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or (2) constitutes "kidnapping" in its generic sense. U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii); *see also United States v. Pereira-Salmeron*, 337 F.3d 1148, 1151 (9th Cir. 2003) (noting that "[a]ny offense listed in [the Guidelines' definition] is inherently deemed to be a 'crime of violence' for purposes of this Guideline, whether or not the use, attempted use, or threatened use of force against the person of another . . . is an element of the given offense.").

**[3]** The Florida statute defines false imprisonment as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will." Fla. Stat. § 787.02(1)(a). The government argues that a conviction under § 787.02(a) "implicitly

contain[s] as an element the use . . . of . . . force." We disagree.

**[4]** "[T]he force necessary to constitute a crime of violence must actually be violent in nature." *United States v. Lopez-Montanez*, 421 F.3d 926, 929 (9th Cir. 2005) (citation, alteration, and internal quotation marks omitted). However, because under Fla. Stat. § 787.02(1)(a) false imprisonment can be effectuated "secretly," a conviction under Florida's false imprisonment statute need not involve the use of force. *See Robinson v. State*, 462 So.2d 471, 476 (Fla. Dist. Ct. App. 1984) (rejecting an argument that there was insufficient evidence to support a kidnapping charge against the defendant because there was no evidence of the use of any physical force or threat in transporting the victim); *see also Corner v. State*, 868 So.2d 553, 556 (Fla. Dist. Ct. App. 2004) (same);[2] *cf. United States v. Hernandez-Hernandez*, 431 F.3d 1212, 1217 (9th Cir. 2005) (holding that California's false imprisonment statute, which is similar to Florida's, did not categorically constitute a crime of violence).

**[5]** Alternatively, the government urges us to hold that false imprisonment under Florida law qualifies as a crime of violence within the meaning of the Sentencing Guidelines because the offense effectively constitutes "kidnapping." Again, we disagree. *Taylor* instructs that where, as here, the enhancement provision does not specifically define the enumerated offense, we must define it according to its "generic, contemporary meaning." *Taylor*, 495 U.S. at 598. We must then compare the state's definition of a crime, "with the generic definition of that crime to determine if the defendant's conviction is a crime of violence pursuant to the Sentencing

---

[2]Although *Robinson* and *Corner* analyze Florida's kidnapping statute, Fla. Stat. § 787.01, it is appropriate to consider these cases because "proof of the elements of the kidnapping statute . . . constitutes proof of the elements of false imprisonment." *McCutcheon v. State*, 711 So.2d 1286, 1288 (Fla. Dist. Ct. App. 1998) (citations omitted).

Guidelines." *Velasquez-Reyes*, 427 F.3d at 1229 (citations omitted). The government proposes that the generic, contemporary definition of kidnapping should be "the unlawful deprivation of another person's liberty of movement." However, the generic definition of kidnapping encompasses, at a minimum, the concept of a "nefarious purpose[ ]" motivating restriction of the victim's liberty. *See* Wayne R. LaFave, 3 *Substantive Criminal Law* § 18.1(e), at 20, n.154 (2d ed. 2003) (noting that only eleven states do not specify that kidnapping requires a nefarious purpose); *see also* Model Penal Code § 212.1 (providing that a defendant is guilty of kidnapping only if his or her purpose is "(a) to hold for ransom or reward, or as a shield or hostage; or (b) to facilitate commission of any felony or flight thereafter; or (c) to inflict bodily injury on or to terrorize the victim or another; or (d) to interfere with the performance of any governmental or political function."). The Florida false imprisonment statute contains no nefarious purpose element whatsoever. *See* Fla. Stat. § 787.02(1)(a) (defining false imprisonment as "forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will."); *cf.* Fla. Stat. § 787.01(1)(a) (defining kidnapping as "forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, *with intent to: (1) [h]old for ransom or reward or as a shield or hostage[;] (2) [c]ommit or facilitate commission of any felony; (3) [i]nflict bodily harm upon or to terrorize the victim or another person; (4) [i]nterfere with the performance of any governmental or political function.*") (emphasis added). Accordingly, Florida's false imprisonment statute, Fla. Stat. § 787.02(1)(a), does not conform to the generic, contemporary definition of kidnapping, and does not constitute a categorical crime of violence for the purposes of applying U.S.S.G. § 2L1.2(b)(1)(A)(ii).[3]

---

[3] The government conceded that Gonzalez-Perez's conviction does not qualify as a crime of violence under the modified categorical approach described in *Taylor*. *See Taylor*, 495 U.S. at 602.

Accordingly, the district court erred when it applied the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) in calculating Gonzalez-Perez's sentence. *See Lopez-Montanez*, 421 F.3d at 932.

## III.

**[6]** Gonzalez-Perez also contends that his sentence was unreasonable under 18 U.S.C. § 3553(a)(6) given that his co-defendant in the Florida false imprisonment case received a sentence of only 60 days after separately reentering the United States. We disagree. The district court's finding that 18 U.S.C. § 3553(a)(6) was not implicated is consistent with the reasonableness requirement articulated in *United States v. Booker*, 543 U.S. 220 (2005). The district court reasonably relied on the facts that Gonzalez-Perez's former co-defendant was processed under a "fast-track" procedure, and was charged with violating a different statute to explain any disparity in the respective sentences imposed. *See United States v. Banuelos-Rodriguez*, 215 F.3d 969, 978 (9th Cir. 2000); *see also United States v. Marcial-Santiago*, 447 F.3d 715, 717-19 (9th Cir. 2006).

**[7]** Finally, "a [district] court's silence regarding [its] authority to depart is not sufficient to indicate that the court believed it lacked power to depart." *United States v. You*, 382 F.3d 958, 967 (9th Cir. 2004) (citations and internal quotation marks omitted). In the absence of a clear expression to the contrary, we assume that the district court is aware of its discretionary authority to depart. *See United States v. Garcia-Garcia*, 927 F.2d 489, 491 (9th Cir. 1991).

## IV.

### Conclusion

We hold that the district court erred when it applied a 16-level sentencing enhancement predicated upon a determina-

tion that Gonzalez-Perez's conviction for false imprisonment under Florida law constituted a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Accordingly, we **REVERSE** the district court's imposition of the enhancement, **VACATE** the sentence and **REMAND** for resentencing. We **AFFIRM** the other rulings made by the district court in the course of the sentencing proceedings.