**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Felipe MENDOZA–GRANADES, aka**
**Felipe Mendoza Granades,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Daniel Montano–Perez, aka Daniel**
**Perez Montayo, Defendant—**
**Appellant.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**United States of America,
Plaintiff—Appellee,**

**v.**

**Luis Aguilar–Ramirez, Defendant—
Appellant.**

**Nos. 05–50660, 05–50857, 06–50158.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2007.*

Filed Dec. 18, 2007.

Michael J. Raphael, Esq., Scott M. Garringer, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for United States of America.

Phillip A. Trevino, Esq., Law Offices of Phillip A. Trevino, Los Angeles, CA, for Felipe Mendoza–Granades.

Wayne R. Young, Esq., Santa Monica, CA, for Daniel Montano–Perez.

Benjamin L. Coleman, Esq., San Diego, CA, for Luis Aguilar–Ramirez.

---

* Case Nos. 05–50660 and 06–50158 were argued and submitted December 3, 2007. This panel unanimously finds Case No. 05–50857 suitable for decision without oral argument, and that case is therefore submitted without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: T.G. NELSON, PAEZ, and BYBEE, Circuit Judges.

MEMORANDUM **

We have jurisdiction over this appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

I. *Felipe Mendoza–Granades ("Mendoza")*

A. *Doctrine of Merger*

█ Mendoza was not convicted of, nor sentenced on, both a greater and a lesser-included offense; and there is no indication that Congress did not intend to authorize separate punishments for each of Mendoza's offenses. Thus, the only authorities cited by Mendoza—*United States v. Jones,* 204 F.3d 541, 544 (4th Cir.2000), and *United States v. Chase,* 296 F.3d 247, 252 (4th Cir.2002)—do not support his argument that the district court should have imposed a "merged" sentence.

It is well-settled that a substantive crime committed in the execution of a conspiracy may be punished separately from the conspiracy. *See Pinkerton v. United States,* 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). Moreover, the district court was statutorily required to sentence Mendoza, on Counts Five and Seven alone, to a minimum of thirty-two years, or 384 months, with this sentence running consecutive to the sentence imposed on the other counts of conviction. *See* 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 924(c)(1)(D)(ii).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Under these circumstances, it was not error, let alone plain error, for the district court not to impose a "merged" sentence. *See United States v. Knows His Gun,* 438 F.3d 913, 918 (9th Cir.2006) (reviewing for plain error issues not raised before the district court).

B. *Sentence Disparity*

█ We review a district court's balancing of the 18 U.S.C. § 3553(a) factors for an abuse of discretion. *Gall v. United States,* 552 U.S. ——, ——, ——, op. at 2, 7, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The district court fully considered the disparity between Mendoza's sentence and the sentences imposed on his co-defendants and departed below the guidelines range because of this disparity. The district court reasonably found the remaining disparity in the sentences to be warranted because Mendoza was convicted of more offenses than his co-defendants, including an additional gun charge that resulted in a mandatory minimum consecutive sentence of twenty-five years. *See United States v. Gonzalez–Perez,* 472 F.3d 1158, 1161–62 (9th Cir.2007) (holding that the district court "reasonably relied on the facts that Gonzalez–Perez's former co-defendant was processed under a 'fast-track' procedure, and was charged with violating a different statute to explain any disparity in the respective sentences imposed").

II. *Daniel Montano–Perez ("Montano")*

█ Montano waived his right to appeal the district court's denial of his pre-plea motion for substitute counsel when he entered his unconditional guilty plea. *See*

*United States v. Foreman,* 329 F.3d 1037, 1038–39 (9th Cir.2003); *see also United States v. Lopez–Armenta,* 400 F.3d 1173, 1174–75 (9th Cir.2005).

*United States v. Adelzo–Gonzalez,* 268 F.3d 772 (9th Cir.2001), is inapplicable to this case because *Adelzo–Gonzalez* did not address whether an unconditional guilty plea waived the defendant's right to appeal the district court's pre-plea denial of his motion for substitute counsel. *See id.* at 774–81; *United States v. Joyce,* 357 F.3d 921, 925 n. 3 (9th Cir.2004) (" 'Questions . . . neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.' ").

Finally, our review of the transcript of the change of plea hearing and the hearing on the motion for substitute counsel convinces us that Montano's plea was knowing and voluntary. *See Doe v. Woodford,* 508 F.3d 563 (9th Cir.2007) (finding plea knowing and voluntary despite the fact that the defendant had only two hours to consider the plea agreement).

III.  *Luis Aguilar–Ramirez ("Aguilar")*

A.  *Vulnerable Victim Adjustment*

■ This circuit has previously upheld a district court's application of the U.S.S.G. § 3A1.1(b)(1) vulnerable victim adjustment where the victims of the defendants' hostage taking were illegal aliens. *See United States v. Sierra–Velasquez,* 310 F.3d 1217, 1219–20 (9th Cir.2002).

Aguilar's attempts to distinguish *Sierra–Velasquez* from this case are unavailing. First, the fact that Aguilar and his co-conspirators were not the "smugglers," but instead held the aliens hostage after forcibly taking the aliens from the smugglers, did not make the aliens in this case any less vulnerable than the victims in *Sierra–Velasquez.*

Second, *United States v. Castellanos,* 81 F.3d 108, 110–11 (9th Cir.1996), does not stand for the proposition that a language barrier can never be a consideration in determining whether the § 3A1.1 vulnerable victim adjustment applies. Third, unlike the victims in *United States v. Castaneda,* 239 F.3d 978, 982–83 (9th Cir. 2001), the vulnerable characteristics of the illegal alien victims in this case distinguish these victims from the typical victims of hostage taking for ransom. *See Sierra–Velasquez,* 310 F.3d at 1220; *cf. United States v. Brignoni–Ponce,* 422 U.S. 873, 879, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975) ("The aliens themselves are vulnerable to exploitation because they cannot complain of substandard working conditions without risking deportation.").

Fourth, 18 U.S.C. § 1203 does not, as Aguilar argues, contemplate that typical victims of the crime will be illegal aliens. Finally, *United States v. Box,* 50 F.3d 345 (5th Cir.1995), relied on extensively by Aguilar, did not involve illegal aliens and, additionally, is not binding on this circuit.

B.  *Application of § 3553*

Post-*Booker,* we review a district court's balancing of the 18 U.S.C. § 3553(a) factors for an abuse of discretion. *Gall,* 552 U.S. ——, slip op. at 2, 7, 128 S.Ct. 586. The district court recognized that the sentencing guidelines were merely advisory, discussed the various § 3553(a) factors in determining the appropriate sentence for Aguilar, and determined that a sentence in the guidelines range was appropriate. We find the sentence imposed by the district court to be reasonable. *See United States v. Garner,* 490 F.3d 739, 742 (9th Cir.2007).

The district court's comments—that it was "not up to the Court to re-legislate; and, certainly, Congress in passing this and setting statutory maximums and minimums upon which the guidelines rely somewhat, this Court is not free to sit and legislate and decide [in] the first instance what the sentence should be"—viewed in context demonstrate that, in making these comments, the district court was not referring to the sentencing guidelines but was, instead, referring to *statutory* mandatory sentences set by Congress.

AFFIRMED.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.