**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Cayetano ANTONIO–CRUZ, Defendant–Appellant.**

**No. 07–10006.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Jan. 7, 2008.

Angela W. Woolridge, Esq., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Christopher R. Kilburn, Esq., FPDAZ–Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: KLEINFELD and RAWLINSON, Circuit Judges, and RESTANI,* Judge.

---

* The Honorable Jane A. Restani, Chief Judge,     United States Court of International Trade,

## MEMORANDUM **

Cayetano Antonio–Cruz appeals a district judge's application of a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his prior involuntary manslaughter conviction.

We have carefully examined the South Carolina cases cited by counsel in their 28(j) letters. Considering the requirement in *Gonzales v. Duenas–Alvarez*[1] that the crime be a realistic instead of theoretical possibility, South Carolina involuntary manslaughter[2] fits within the generic definition of manslaughter.[3] The distinction between the two statutes is one of word choice, not a "meaningful distinction" between the application of the two provisions.[4]

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 127 S.Ct. 815, 822, 166 L.Ed.2d 683 (2007).

2. S.C.Code § 16–3–60; *State v. Crosby*, 355 S.C. 47, 584 S.E.2d 110, 112 (2003).

3. *See Taylor v. United States*, 495 U.S. 575, 598, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Gonzalez–Perez*, 472 F.3d 1158, 1161 (9th Cir.2007).

4. *See United States v. Velasquez–Reyes*, 427 F.3d 1227, 1230 (9th Cir.2005).