**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose NAVARRO–MARIN, Defendant— Appellant.**

**No. 07–10120.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 22, 2008.

Monte C. Clausen, AUSA, Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Jose Navarro–Marin, Florence, AZ, pro se.

Brian I. Rademacher, Esq., Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Jose Navarro–Marin appeals from the 57–month sentence imposed following his guilty-plea conviction for illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Navarro–Marin contends that his sentence is unlawful and unreasonable because the district court judge did not fully appreciate his authority and discretion to depart from the total offense level as calculated under U.S.S.G. § 2L1.2. We disagree. Although the district court judge never specifically stated that he considered adjusting the total offense level, we assume that he was aware of his discretionary authority to depart. *See United States v. Gonzalez–Perez,* 472 F.3d 1158, 1162 (9th Cir.2007). Moreover, based on the record before us, we cannot say that Navarro–Marin's sentence is unreasonable or unlawful. *See United States v. Mohamed,* 459 F.3d 979, 985–89 (9th Cir. 2006); *see also Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597–98, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).