MEMORANDUM **
Edwardo Fernandez-Serrano appeals his sentence after his conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326. We review de novo his contention that the district court erred in holding his conviction for kidnapping under California Penal Code § 207 to categorically be a crime of violence for purposes of a 16-level guidelines enhancement under U.S.S.G. § 2L1.2. *11 We agree, and accordingly vacate his sentence and remand for resentencing. We reject Fernandez-Serrano’s other arguments.
Fernandez-Serrano’s § 207 conviction is not categorically a crime of violence because the conviction lacked the “nefarious purpose” element of the generic crime of kidnapping. See United States v. Gonzalez-Perez, 472 F.3d 1158, 1161 (9th Cir. 2007). The conviction also does not have as an element the use, attempted use, or threatened use of physical force against the person of another. See United States v. Lopez-Montanez, 421 F.3d 926, 931 (9th Cir.2005). We decline to apply the modified categorical approach to Fernandez-Serrano’s § 207 conviction, but remand to the district court on an open record to determine whether to apply the modified categorical approach in the first instance. See United States v. Grisel, 488 F.3d 844, 852 (9th Cir.2007) (en banc).
We reject Fernandez-Serrano’s contention that he deserves an adjustment for acceptance of responsibility under U.S.S.G. § 3El.l(a). Fernandez-Serrano actively argued at trial that he was not guilty and that the government could not meet its burden of proof. He called into question the reliability of government witnesses and declined to speak to the probation officer. Given these actions, the district court did not clearly err in denying the acceptance of responsibility adjustment. See United States v. Weiland, 420 F.3d 1062, 1080 (9th Cir.2005).
The district court also did not err when it increased Fernandez-Serrano’s statutory maximum sentence even though the indictment failed to allege a specific date of deportation. The indictment permitted the jury to find Fernandez-Serrano guilty only if he was removed after the date of his aggravated felony conviction, which was alleged. More is not required. See United States v. Martinez-Rodriguez, 472 F.3d 1087, 1093-94 (9th Cir.2007); see also United States v. Salazar-Lopez, 506 F.3d 748, 752 (9th Cir.2007).
Fernandez-Serrano correctly recognizes that his arguments that the prior conviction exception of Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be limited to its facts, that Almendarez-Torres has been implicitly overruled, and that § 1326 is unconstitutional, are foreclosed by circuit precedent. See Salazar-Lopez, 506 F.3d at 751 n. 3.
VACATED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.