NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50134 |
| Plaintiff - Appellee, | D.C. No. 08-CR-3425-MMA |
| v. | |
| JOVANI CLEMENTE FELIX-LOPEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted November 3, 2009[**]
Pasadena, California

Before: GOULD and BEA, Circuit Judges, and MOLLOY,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

Jovani Clemente Felix-Lopez appeals his 21-month sentence. He contends the district court erred when it did not grant a Guideline departure under U.S.S.G. § 5K2.0 and that his sentence is substantively unreasonable. We affirm.

The district court correctly determined that it had authority as a matter of law to grant a downward departure under U.S.S.G. § 5K2.0. Felix-Lopez claims the district court erred because it made a legal determination that his deportation and separation from family were not authorized grounds for departure under U.S.S.G. § 5K2.0. "In the absence of a clear expression to the contrary, we assume that the district court is aware of its discretionary authority to depart." *United States v. Gonzalez-Perez*, 472 F.3d 1158, 1162 (9th Cir. 2007). The record establishes the court viewed its decision not to grant the downward departure as an exercise of its discretion. The trial court stated that Felix-Lopez had not shown that his case possessed the "type of circumstances" that warranted a departure. Therefore, the court did not misapprehend its authority to depart downward and properly exercised its discretion in calculating the sentencing range under the Guidelines.

Further, the 21-month low-end Guidelines sentence is not substantively unreasonable. Felix-Lopez argues the low-end Guideline sentence imposed by the trial court is evidence the court would have imposed a lower sentence but for its

2

erroneous application of the Guidelines. However, as stated above, the trial court did not misconstrue its authority to depart. A sentence within a correctly calculated Guidelines range will generally not be found unreasonable on appeal. *United States v. Overton*, 573 F.3d 679, 700 (9th Cir. 2009). The district court stated that it had considered all the sentencing factors and found that a 21-month sentence, at the low end of the Guidelines range, was appropriate. The sentence was not unreasonable.

**AFFIRMED.**