**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10630 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-01303-CKJ-DTF-1 |
| v. | |
| FARAON ROBLEDO-RIVERA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted November 7, 2012[**]
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

Defendant-Appellant Robledo-Rivera appeals the district court's sentence of

63-months incarceration for illegal reentry in violation of 8 U.S.C. § 1326(a). Due

to his 2004 conviction for robbery in Kentucky, the district court computed a 16-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

level enhancement for defendant's prior "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A). This court reviews de novo whether a prior conviction is a "crime of violence" under U.S.S.G. § 2L1.2(b). *See United States v. Gonzalez-Perez*, 472 F.3d 1158, 1159 (9th Cir. 2007).

The facts are known to the parties. Robledo-Rivera argues that the government has not proven its case because, in finding the sentence enhancement, the district court relied upon judicially-noticed documents that do not specifically cite the Kentucky robbery statute for which Robledo-Rivera was previously convicted. The district court found this deficiency unavailing for three reasons: that (1) robbery always involves the actual or threatened use of force, (2) Kentucky has a single robbery statute, which articulates a "crime of violence," and (3) robbery is generically enumerated as a "crime of violence" under U.S.S.G. § 2L1.2 cmt. n.1(B)(iii)(2005). AFFIRMED.