**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10106 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-01025-RCC-LAB-1 |
| v. | |
| ISABEL PEREZ-ARELLANEZ, AKA Christian Perez-Cariol, AKA Christian Perez-Carlon, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted February 10, 2016
San Francisco, California

Before: THOMAS, Chief Judge and SCHROEDER and NGUYEN, Circuit Judges.

Isabel Perez-Arellanez ("Perez") appeals from his conviction and sentence

for violations of conspiracy to commit hostage taking and hostage taking, 18

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. § 1203(a), and firearm-related offenses under 18 U.S.C. §§ 2, 922, and 924. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

1. The district court did not plainly err by allowing the government to withdraw from the February 2013 plea agreement.[1] The agreement was expressly "contingent upon all co-defendants pleading guilty" and specifically allowed the government to withdraw from the agreement if this condition was not met. Thus, after Perez's co-defendant was permitted to withdraw his guilty plea, the government in turn was free to withdraw from its agreement with Perez. *See United States v. Mukai*, 26 F.3d 953, 954-56 (9th Cir. 1994). When the terms of a plea agreement are "clear and unambiguous," we "will not look to extrinsic evidence to determine their meaning." *United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000) (citation omitted). We see no ambiguity in the terms of the plea agreement.

2. The district court properly instructed the jury that the elements of hostage taking under 18 U.S.C. § 1203(a) are: (1) a seizure or detention; (2) a threat to kill, injure, or continue to detain; (3) with the purpose of compelling a third person to act in some way, or refrain from acting, as an explicit or implicit condition for the

___

[1] Because Perez failed to object in the district court, we review under the plain error standard. *See, e.g.*, *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008).

release of the seized or detained person. *United States v. Sierra-Velasquez*, 310 F.3d 1217, 1220 (9th Cir. 2002). Contrary to Perez's argument, the statute does not require a showing that the third party knew that the victim was being held hostage at the time of payment. *See United States v. Romo-Romo*, 246 F.3d 1272, 1275 (9th Cir. 2001) ("[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning.") (citation omitted).

3. The district court did not plainly err in admitting Perez's unredacted A-file records or the unredacted affidavit from the Department of Homeland Security. The unredacted dates on both exhibits suggested that Perez was recently in the country illegally, which is probative of whether he was an illegal alien at the time he possessed the firearm. *United States v. Anaya-Acosta*, 629 F.3d 1091, 1093 (9th Cir. 2011). Perez's prior use of a false name in his encounters with U.S. law enforcement was also relevant to show that he was not lawfully in the United States at the time of his arrest in this case, when he used the same false name. *See id.* The probative value of this unredacted material was not substantially outweighed by a danger of unfair prejudice. *See United States v. Hardrick*, 766 F.3d 1051, 1055-56 (9th Cir. 2014).

4. The district court did not abuse its discretion in admitting the victims' hearsay statements—that they had just been held hostage by a group of men in the

3

desert—under the excited utterance exception to the hearsay rule. Fed. R. Evid. 803(2). The court permissibly concluded that the victims, left without food or water in the Arizona desert for several hours before being found by a border patrol agent, were still under the stress of excitement caused by being held hostage when these statements were made. *See id.*; *see also United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir. 1995).

5. Even assuming the district court erred in these evidentiary rulings, the errors were harmless. *United States v. Frederick*, 78 F.3d 1370, 1381 (9th Cir. 1996) (describing cumulative error review). There was more than sufficient evidence that Perez was not lawfully inside the United States, and that he participated in taking the victims hostage. Perez admitted that he loaded a gun to scare the hostages, his fingerprints were found on the magazine of a gun near the area of his arrest, and all three victims positively identified Perez as one of their captors at trial.

4. Finally, Perez's 70-year sentence, which was substantially enhanced due to mandatory consecutive sentences under 18 U.S.C. § 924(c), does not violate the Eighth Amendment. *See, e.g.*, *United States v. Major*, 676 F.3d 803, 812 (9th Cir. 2012) (rejecting challenges to de facto life sentences caused by 18 U.S.C. § 924(c)); *United States v. Hungerford*, 465 F.3d 1113, 1118 (9th Cir. 2006) (same).

4

Further, Perez's sentence is not grossly disproportionate to the crime of holding three individuals hostage at gunpoint for ransom and releasing them into the Arizona desert without food or water. *See, e.g.*, *Ewing v. California*, 538 U.S. 11, 30-31 (2003); *Harmelin v. Michigan*, 501 U.S. 957, 988 (1991).

**AFFIRMED.**