**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1323 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-01622-DGC-5 |
| v. | |
| DOMINGO AGUSTIN-SIMON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and submitted October 24, 2024[*]
Phoenix, Arizona

Before: M. SMITH, BADE, and FORREST, Circuit Judges.

As relevant here, a jury convicted Defendant-Appellant Domingo Agustin-Simon of hostage taking, conspiracy to commit hostage taking, and bringing in and harboring noncitizens. Agustin-Simon challenges his 35-year sentence on multiple grounds. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review criminal sentences for "reasonableness" in a two-step analysis.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*United States v. Barsumyan*, 517 F.3d 1154, 1157 (9th Cir. 2008) (citation omitted). First, we consider whether the district court committed procedural error. *United States v. Cherer*, 513 F.3d 1150, 1159 (9th Cir. 2008). In doing so, we "review the district court's identification of the correct legal standard *de novo*, its factual findings for clear error, and its application of the legal standard to the facts for abuse of discretion." *United States v. Rodriguez*, 44 F.4th 1229, 1234 (9th Cir. 2022) (citing *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc)). Second, we review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007).

1.      Agustin-Simon argues the district court procedurally erred by applying § 2A4.1 of the Sentencing Guidelines. We disagree. Agustin-Simon was convicted of hostage taking under 18 U.S.C. § 1203. The Guidelines expressly provide that § 2A4.1 applies to convictions under § 1203. U.S.S.G. App'x A; *see Barsumyan*, 517 F.3d at 1159 (alteration in original) (quoting *Kimbrough v. United States*, 552 U.S. 85, 111 (2007)) (clarifying that a district court may deviate from the Guidelines only "*after* the advisory Guidelines range has been determined, when the district court examines the final advisory sentencing range dictated by the Guidelines in light of all relevant § 3553(a) factors and the 'particular circumstances of [the defendant's] case'").

2. Agustin-Simon contends that the district court procedurally erred by applying enhancements for sexual exploitation of a victim, ransom demand, vulnerable victim, and aggravating role. "[T]o reverse a district court's factual findings as clearly erroneous, we must determine that the district court's factual findings were illogical, implausible, or without support in the record." *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010). We conclude the district court's factual findings supporting each of the challenged enhancements were not clearly erroneous.

In applying a six-level enhancement for sexual exploitation of a victim under U.S.S.G. § 2A4.1(b)(5), the district court credited the testimony of multiple victims who testified that Agustin-Simon raped one victim and sexually assaulted other victims. "'[W]here testimony is taken, we give special deference to the district court's credibility determinations,' and generally 'cannot substitute [our] own judgment of the credibility of a witness for that of the fact-finder.'" *United States v. Bontemps*, 977 F.3d 909, 917 (9th Cir. 2020) (alteration in original) (first quoting *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008); and then quoting *United States v. Durham*, 464 F.3d 976, 983 n.11 (9th Cir. 2006)). The district court found by "clear and convincing evidence" that Agustin-Simon raped one victim and sexually assaulted others; thus, the district court's decision to apply the § 2A4.1(b)(5) enhancement was not clearly erroneous.

Agustin-Simon challenges the six-level enhancement for ransom demand under U.S.S.G. § 2A4.1(b)(1) because the victims agreed to pay the defendants and because no one was "kidnapped" or held for "ransom" as "those terms are commonly understood." But the enhancement "applies anytime a defendant demands money from a third party for a release of a victim, regardless of whether that money is already owed to the defendant." *United States v. Sierra-Velasquez*, 310 F.3d 1217, 1221 (9th Cir. 2002). After crediting both the jury's verdict convicting Agustin-Simon of hostage taking and witness testimony indicating that the release of some victims was conditional upon payment to smugglers, the district court held that "there was more than clear and convincing evidence to support the finding that a ransom demand was made." This determination was not clearly erroneous.[1]

3.      Agustin-Simon alleges the district court committed procedural error by failing to consider his arguments under § 3553(a) related to rehabilitation efforts, familial needs, and sentencing disparities. Because he raises this argument for the first time on appeal, plain error review applies. *United States v. Autery*, 555 F.3d 864, 869 (9th Cir. 2009) (citing *United States v. Sylvester Norman Knows His Gun, III*, 438 F.3d 913, 918 (9th Cir. 2009)). The district court made clear that it reviewed

---

[1] Because we conclude that the district court did not err in its application of the two six-level enhancements, we need not address the remaining enhancements because any potential error was harmless. *See United States v. Garro*, 517 F.3d 1163, 1169 (9th Cir. 2008). Agustin-Simon's base offense level was 32, and his highest total offense level was limited to 43. *See* U.S.S.G. ch. 5, pt. A cmt. n.2.

Agustin-Simon's attachments in support of his sentencing memorandum, and it acknowledged its obligation to "consider the sentencing guidelines and to avoid unwarranted sentencing disparities." Although the district judge did not directly respond to each of Agustin-Simon's arguments, it "need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008). Accordingly, we conclude that the district court did not err in addressing the § 3553(a) factors.

4. Agustin-Simon's final procedural argument is that the district court erred by not *sua sponte* applying a downward departure under U.S.S.G. § 5K2.10 to account for the victims' contribution to the illegal conduct as "co-conspirators." Agustin-Simon did not request this downward departure in the district court, nor did he object to the district court's failure to apply it. We thus decline to review this issue for the first time on appeal. *See United States v. Robertson*, 52 F.3d 789, 791 (9th Cir. 1994) ("Issues not presented to the district court cannot generally be raised for the first time on appeal.").

5. Finally, Agustin-Simon contends that the district court imposed a substantively unreasonable sentence. We review this issue for abuse of discretion. *Gall*, 552 U.S. at 51. We already considered and rejected this argument in Agustin-Simon's initial appeal. *United States v. Agustin-Simon*, 623 Fed. Appx. 310 (9th Cir. 2015) ("The district court carefully considered all relevant factors, and imposed a

below-Guidelines sentence."). Because the district court imposed the same below-Guidelines sentence on Counts 1–4 for the same reasons discussed at Agustin-Simon's initial sentencing, we see no reason to reach a different conclusion.

**AFFIRMED.**