**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-1843

UNITED STATES OF AMERICA,

Appellee,

v.

STEVE HUARD,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Lynch, Chief Judge,
Ebel[*] and Lipez, Circuit Judges.

David A. Vicinanzo, by appointment of the court, with whom David W. Ruoff and Joshua H. Orr were on brief for appellant.
Aixa Maldonado-Quinones, Assistant United States Attorney, with whom Michael J. Gunnison, United States Attorney, was on brief for appellee.

August 20, 2009

---

[*] Of the Tenth Circuit, sitting by designation.

**EBEL, <u>Circuit Judge</u>.** In this direct criminal appeal, Defendant-Appellant Steve Huard challenges his three convictions stemming from a bank robbery. Huard asserts only that his trial attorney provided constitutionally ineffective representation. A criminal defendant, however, generally cannot bring an ineffective-assistance claim on direct appeal absent extraordinary circumstances. And Huard has failed to establish such circumstances here. Therefore, having jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM his convictions, leaving Huard the opportunity to pursue his ineffective-assistance claims in a collateral proceeding under 28 U.S.C. § 2255.

## I. BACKGROUND

On October 19, 2005, two masked men robbed the Bellwether Credit Union in Manchester, New Hampshire. The men entered the credit union armed with guns, ordered the tellers to give them cash, and then drove away in a stolen Cadillac. The men got away with approximately $18,500.

Several months later, a grand jury indicted Huard on three charges stemming from this robbery: 1) conspiracy to commit bank robbery, in violation of 18 U.S.C. § 371; 2) bank robbery, in violation of 18 U.S.C. § 2113(a); and 3) using and brandishing a firearm in furtherance of a crime

of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1]
Following a three-day trial, a jury convicted Huard of all
three charges.

A week later, Huard, acting pro se, filed an "Emergency

---

[1] 18 U.S.C. § 2113(a) provides, in pertinent part: "Whoever enters or attempts to enter any bank . . . with the intent to commit in such bank . . . any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny—Shall be fined under this title or imprisoned not more than twenty years, or both."

18 U.S.C. § 371, in relevant part, provides that,

[i]f two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

Regarding the weapons charge, 18 U.S.C. § 924(c)(1)(A)(ii) states:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment for such crime of violence or drug trafficking crime —

. . . .

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years.

- 3 -

Motion to Appoint New Counsel." In support of that motion, Huard asserted, among other things, that he had asked defense counsel to investigate and file a motion to suppress the gun that officers found when they arrested Huard, but counsel failed to do so. Defense counsel, on the other hand, denied that Huard had ever made such a request. The district court granted Huard's motion for a new attorney.

Six months later, newly appointed counsel filed a motion for a new trial, see Fed. R. Crim. P. 33, arguing Huard's trial counsel was ineffective for failing to move to suppress the gun. Huard also complained about trial counsel's failure to object to unduly prejudicial testimony presented during trial. The district court denied Huard relief without addressing the merits of these claims, concluding instead that the court lacked jurisdiction to consider the new trial motion because it was untimely. In denying Huard relief, the district court noted that Huard's "remedy, if any, on his claims of ineffective assistance . . . lies on direct review, or collateral review pursuant to a motion for relief under 28 U.S.C. § 2255." (D. Ct. doc. 81 at 6 (footnote omitted).) The court further noted, however, that "[i]t is almost a universal rule that ineffective assistance of counsel claims cannot be raised for the first time on direct review because, invariably, a

factual record must be fully developed," but that "[e]xceptions are made on occasion, . . . if the court of appeals concludes that the record on appeal is sufficiently developed to warrant consideration of the issue." (Id. at 6 n.1.)

The district court then sentenced Huard to 360 months in prison. Huard filed a timely notice of appeal from "the judgment of conviction and sentence." (D. Ct. Doc. 99.) See Fed. R. App. P. 4(b)(1)(A)(i).

## II. DISCUSSION

On appeal, Huard argues only that his convictions are the result of trial counsel's constitutionally ineffective representation.[2] Huard specifically complains that counsel failed to move to suppress the gun, as well as evidence of Huard's other bad acts seized at the time of Huard's arrest, and failed to object to the introduction of unduly prejudicial testimony.

A defendant can assert ineffective-assistance claims for the first time in a collateral motion made under 28 U.S.C.

---

[2]The motion for new trial was untimely and the district court declined to consider it because it was untimely. There is no error in that ruling. Nor does Huard on appeal argue that his motion for new trial was timely. His appeal is clearly directed at the merits of his conviction and accordingly we treat the appeal as one challenging his conviction and sentence, rather than as an appeal of the district court's denial of his untimely motion for new trial.

§ 2255 and, in fact, that is the preferred procedure. See Massaro v. United States, 538 U.S. 500, 504-05, 509 (2003); see also United States v. Wyatt, 561 F.3d 49, 52 (1st Cir.), cert denied, 129 S. Ct. 2818 (2009). One reason for this is to provide an opportunity for the parties to develop the factual record necessary to resolve such claims. See United States v. Rodriguez, 457 F.3d 109, 117 (1st Cir. 2006); see also Massaro, 538 U.S. at 504-06. Another reason is to permit the district court to address an ineffective-assistance claim in the first instance, because "an appellate court is ill-equipped to handle the fact-specific inquiry that such claims often require" and "the insights of the trier, who has seen and heard the witnesses at first hand and watched the dynamics of the trial unfold, are often of great assistance."[3] United States v. Ofray-Campos, 534 F.3d 1, 34 (1st Cir. 2008) (quotation omitted), cert. denied, 129 S. Ct. 588, 999 (2009); see Massaro, 538 U.S. at 504-05.

Only in rare cases, where the trial record is already sufficient to resolve an ineffective-assistance claim, will we consider that claim on direct appeal. See Wyatt, 561

---

[3]Huard points out that he did present most of these ineffective-assistance claims to the district court in his new trial motion. But, because that motion was untimely, the district court did not address the merits of these claims.

F.3d at 52 (noting exception when "trial counsel's ineffectiveness is manifestly apparent from the record"); Ofray-Campos, 534 F.3d at 34 (noting that, "[i]n the exceptional case, . . . where the record is sufficiently developed, and critical facts are not in dispute, such claims may be reviewed" on direct appeal). Huard argues that his is such a case. We disagree.

To prevail on a claim of ineffective representation, Huard must show both that his trial attorney's performance was deficient and that the deficient performance prejudiced Huard's defense. See Strickland v. Washington, 466 U.S. 668, 887 (1984). Part of the deficient-performance prong of that test requires consideration of whether counsel's challenged actions were part of a reasonable strategy. See Massaro, 538 U.S. at 505; see also Yarborough v. Gentry, 540 U.S. 1, 8 (2003) (per curiam); Strickland, 466 U.S. at 690-91.

In support of his ineffective-assistance claims, Huard submits the affidavit of his trial attorney, who attests that he simply missed the grounds that would have supported a suppression motion because he misread the police report. But in that same affidavit, trial counsel also asserts that,

> [t]o the extent I considered a Fourth Amendment challenge at all, I believed that it was possible that federal authorities in Boston could bring felon-in-possession charges against Mr. Huard, in

- 7 -

addition to the charges already pending against him in New Hampshire. I felt that it would be better to bring a motion to suppress in a Massachusetts case, were one to be charged, because the chances of prevailing on such a motion was [sic] greater in Boston than in New Hampshire.

(D. Ct. doc. 67, attachment.) This suggests, in contradiction of the first part of the affidavit, that trial counsel may have had a strategic reason not to file a motion to suppress in Huard's New Hampshire case. At any rate, we cannot say, based upon this affidavit alone, that it "is manifestly apparent from the record" that defense counsel's performance was constitutionally deficient. Wyatt, 561 F.3d at 52.

Although perhaps a more minor point, the parties also dispute whether Huard ever asked his trial attorney to investigate and file a motion to suppress the gun. Huard says he did, but defense counsel denies it. This dispute may not be dispositive because, depending upon the obvious merit or lack of merit of the motion to suppress and depending upon the strategies involved, counsel may (or may not) have had an independent duty to file a motion to suppress on behalf of his client.

Moreover, there is nothing in the current record to suggest why trial counsel failed to object to the trial testimony that Huard now alleges was unduly prejudicial. These unresolved factual issues further counsel against

considering Huard's ineffective-assistance claims now, on direct appeal.[4]  See Wyatt, 561 F.3d at 52; United States v. Sanchez-Badillo, 540 F.3d 24, 33 (1st Cir. 2008), cert. denied, 129 S. Ct. 953 (2009).

Even if Huard were able to establish his attorney's deficient performance on the record as it now exists, we would still conclude that it would be best for the district court to consider, in the first instance, whether any of trial counsel's purported errors prejudiced Huard's defense. See Ofray-Campos, 534 F.3d at 34 (noting that "it is the trial court, rather than the appellate court, that is in the best position to assess whether" counsel's performance, "if it was in fact constitutionally deficient, resulted in prejudice to [Huard's] substantial rights, as required under Strickland"); see also United States v. Leahy, 473 F.3d 401, 410 (1st Cir. 2007).

During oral argument and again in a later Fed. R. App. P. 28(j) letter, Huard suggests that, in light of these

---

[4]Huard argues that because the Government never asserted, in defense of his new trial motion, that further factual development was necessary, the Government has now waived any such argument.  It is true that, in defending against Huard's new trial motion, the Government focused only on rebutting his Fourth Amendment arguments challenging the legality of the discovery and seizure of the handgun. But that does not change the fact that we do not have an adequate record on which to consider the merits of Huard's ineffective-assistance claims.

unresolved factual disputes, this court should remand this case to the district court at this juncture.  At one point in its brief, the Government seems to agree.  Although an appellate court has authority to do so "in special circumstances," United States v. Vega Molina, 407 F.3d 511, 531 (1st Cir. 2005), we decline to exercise that authority here.

## III.  CONCLUSION

For these reasons, then, we decline to address the merits of Huard's ineffective-assistance claims on direct appeal and conclude, instead, that "if [Huard] wants to raise these claims, he must do so on collateral review." United States v. Silva, 554 F.3d 13, 23 (1st Cir. 2009). Therefore, we DISMISS Huard's ineffective-assistance claims without prejudice to his reasserting them in a collateral proceeding under 28 U.S.C. § 2255, see Ofray-Campos, 534 F.3d at 34, and AFFIRM Huard's convictions on direct review, see United States v. Hicks, 531 F.3d 49, 56 (1st Cir.), cert. denied, 129 S. Ct. 590 (2008).