UNITED STATES of America,
Plaintiff–Appellee,

v.

Conrad FOREMAN, Defendant–
Appellant.

No. 02–10049.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 2003.

Filed May 21, 2003.

Jonathan D. Soglin, Staff Attorney First District Appellate Project, San Francisco, CA, for defendant-appellant.

John H. Hemann, Assistant United States Attorney, San Francisco, CA, for plaintiff-appellee.

Before B. FLETCHER, KOZINSKI, and TROTT, Circuit Judges.

## OPINION

TROTT, Circuit Judge.

Conrad Foreman ("Foreman") appeals the district court's denial of his motion for substitution of counsel. Foreman appeals also the amount of restitution the district court imposed after he pled guilty to three offenses involving forged securities. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

## BACKGROUND

Foreman and two codefendants, Alwin Dacosta ("Dacosta") and Adewale Okunubi, stole personal checks from the mail, then altered and cashed those checks. The government charged Foreman with one count of conspiring to transport forged securities and two counts of receipt and possession of forged securities.

Shortly before his trial was scheduled to begin, Foreman submitted a pro se letter requesting substitution of counsel. After a hearing, the district court denied Foreman's request.

Foreman later completed and signed an application for permission to enter a guilty plea instead of proceeding to trial. Part of the form read: "I believe that my lawyer has done all that a lawyer could do to counsel and assist me, and I am satisfied with the advice and help he/she has given me." Before accepting Foreman's guilty plea, the district court specifically asked if he was "satisfied with the representation that [he had] been receiving." Foreman responded "yes, yes," and the district court accepted his plea.

The district court sentenced co-defendant Dacosta before Foreman, finding Dacosta responsible for victims' losses of $120,002. The district court determined, however, that Dacosta was the least culpable of the three defendants so it ordered him to pay only one-third of these losses. At Foreman's sentencing, the district court ordered him to pay restitution in the amount of $72,300.98, jointly and severally with both co-defendants. The district court calculated Foreman's restitution based on its finding that he was responsible for only six of the checks involved in the scheme. Foreman appeals this order of restitution and the district court's denial of his pre-plea motion to substitute counsel.

## DISCUSSION

### I. Substitution of Counsel

■ Foreman argues that the district court abused its discretion by denying his motion to substitute counsel. We lack jurisdiction to consider this argument. Foreman entered an unconditional guilty plea, which "constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent *constitutional* defects." *United States v. Reyes–Platero,* 224 F.3d 1112, 1114 (9th Cir.2000) (internal quotation marks and citation omitted).

Foreman argues that waiver should not apply to pre-plea motions to substitute counsel because, if a "defendant has been forced to proceed with counsel with whom he has no confidence, any guilty plea is not voluntary." Foreman, however, fails to point to any facts demonstrating that his

plea was involuntary or that it was not given intelligently, *see Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), and our review of the record reveals that the district court conducted sufficient inquiry.

■■ Without explanation, Foreman argues that his plea was involuntary because the district court violated his Sixth Amendment right to effective representation by denying his motion for substitution. Failure to substitute counsel does not by itself render a plea involuntary.[1] As noted, no facts in the record suggest that Foreman's plea was involuntary. We conclude that the right to appeal a pre-plea motion for substitution is waived by an unconditional guilty plea, unless the plea itself is challenged. Accordingly, we lack jurisdiction to consider Foreman's argument that the district court abused its discretion in denying his motion.

## II   Restitution

■■ Foreman argues that the district court erred by imposing $72,300.98 in restitution, jointly and severally, because (1) Foreman was not represented at co-defendant Dacosta's hearing, and (2) Dacosta was not required to pay the full amount of restitution. " 'A restitution order is reviewed for an abuse of discretion, provided that it is within the bounds of the statutory framework. Factual findings supporting an order of restitution are reviewed for clear error. The legality of an order of restitution is reviewed de novo.' " *United States v. Rodrigues*, 229 F.3d 842, 844 (9th Cir.2000) (quoting *United States v. Stoddard*, 150 F.3d 1140, 1147 (9th Cir.1998)).

■■ Foreman initially requests that we vacate his restitution order because he and his counsel were absent from Dacosta's sentencing hearing. Foreman argues that if he had been present at Dacosta's sentencing he could have argued that Dacosta was equally culpable and should be liable for the full amount of restitution. Foreman did not ask to be present at Dacosta's hearing, and he had the opportunity to present evidence on comparative culpability at his own sentencing. The district court did not violate any right Foreman may have had to be present at a co-defendant's sentencing hearing.

■■ Foreman contends also that because Dacosta was held responsible for only one-third of the victims' losses, Foreman should have to pay restitution for only one-third of the amount of losses for which the district court found him responsible. In cases where "more than [one] defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h). Foreman's restitution "reflect[ed][his] level of contribution to the victim's loss[es]." *Id.* The district court did not impose responsibility on Foreman for the full amount of victim's losses, but rather only for those checks Foreman acknowledged he helped cash. The district court had discretion to structure payment of this restitution jointly and severally, and we conclude that the district court did not abuse this discretion.

## CONCLUSION

We lack jurisdiction to consider Foreman's challenge to the district court's denial of his motion for substitution and we

---

1. Because Foreman may file a habeas petition, we note that he is not foreclosed from receiving relief for any alleged ineffective assistance of counsel. *See Massaro v. United States,* —— U.S. ——, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).

affirm the district court's order of restitution.

**DISMISSED in part, AFFIRMED in part.**