# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2807

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Lawrence Stevens, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: April 28, 2009
Filed:  May 4, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Before pleading guilty to drug and money-laundering charges, Lawrence Stevens filed two pro se motions for substitution of counsel.  The motions were denied, and the district court[1] subsequently sentenced Stevens to 188 months in prison.  On appeal, Stevens is represented by different counsel, who moves to withdraw and argues in a brief filed under *Anders v. California*, 386 U.S. 738 (1967), that it was error to deny the pro se motions.

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

We hold that by pleading guilty, Stevens waived his right to challenge the denial of his pre-plea motions for substitute counsel. *See United States v. Foreman*, 329 F.3d 1037, 1038-39 (9th Cir. 2003) (right to appeal pre-plea motion for substitution of counsel is waived by unconditional guilty plea unless plea itself is challenged); *cf. Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (guilty plea represents break in chain of events which has preceded it in criminal process; when criminal defendant has solemnly admitted in open court that he is guilty of offense with which he is charged, he may not subsequently raise independent claims relating to deprivation of constitutional rights that occurred before entry of guilty plea; he may only attack voluntary and intelligent character of guilty plea by showing that advice he received from counsel was not within established standards).

We have reviewed the record independently in accordance with *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

———————————————