**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4752**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JOSE ARMANDO QUINTERO-ACOSTA, a/k/a Jose Manuel Ibarra-
Reyes,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:07-cr-00345-RLW-1)

Argued: October 28, 2009          Decided: December 3, 2009

Before KING, SHEDD, and DAVIS, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished
per curiam opinion.

**ARGUED:** Carolyn Virginia Grady, OFFICE OF THE FEDERAL PUBLIC
DEFENDER, Richmond, Virginia, for Appellant.  Stephen David
Schiller, OFFICE OF THE UNITED STATES ATTORNEY, Richmond,
Virginia, for Appellee.  **ON BRIEF:** Michael S. Nachmanoff,
Federal Public Defender, Alexandria, Virginia, for Appellant.
Dana J. Boente, Acting United States Attorney, Alexandria,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Quintero-Acosta pled guilty to one count of unlawfully reentering the United States after having been removed following an aggravated felony conviction, in violation of 8 U.S.C. § 1326, and the district court sentenced him to a 24-month term of imprisonment. He now appeals his conviction and sentence, arguing that the court erred by (1) failing to allow him to substitute counsel and (2) failing to provide an adequate statement of reasons for his sentence. For the following reasons, we affirm the conviction but vacate the sentence and remand for resentencing.

I

In September 2007, while he was serving a seven-year sentence in state custody, Quintero-Acosta was indicted on the § 1326 illegal reentry charge. At that time, the district court appointed Carolyn V. Grady of the Federal Public Defender's office to represent him. Through counsel, Quintero-Acosta unsuccessfully moved to dismiss the indictment, and his trial date was eventually set for April 9, 2008.

In late March, ten days before the scheduled trial date, Ms. Grady moved to withdraw and have new counsel appointed, stating that her relationship with Quintero-Acosta had deteriorated "to a degree that effective assistance of counsel

3

cannot be rendered." J.A. 53. Simultaneously, Quintero-Acosta moved pro se for Ms. Grady's removal and for appointment of new counsel. In his motion, he explained:

> To date, I do not feel that counsel has represented me to the best of her ability nor do I feel she will be able to in the forseable [sic] future. I do not feel that she has been honest and forthcoming with information. I also feel that she may not have the experience and or knoledge [sic] in dealing with an "Illegal Re-Entry" charge that I am currently facing. I feel that I would be better represented by counsel that is experienced in Imigration [sic] law, or at least familiar with a re-entry charge.

J.A. 84.

Several days later, during a hearing on these motions, Ms. Grady informed the district court that she was unable to communicate "sufficiently or productively" with Quintero-Acosta. J.A. 58. In response, the court indicated that it viewed the effort to substitute counsel as a delaying ploy, and it noted that Ms. Grady was qualified to handle the case and that Quintero-Acosta was "lucky" to have her as counsel. J.A. 58-59. Ms. Grady responded that she did not think the motions were a delaying ploy. Further, she stated:

> We have been trying to communicate and going back and forth. I think I resurrected our relationship to a degree a number of times, but . . . with court approaching so quickly and us breaking down completely, I thought that it was in his best interest for me to do this.

J.A. 59. The court replied that Quintero-Acosta could either cooperate with Ms. Grady or defend himself pro se.

4

Quintero-Acosta was then permitted to address the court. Although he told the court that he did not feel that Ms. Grady was representing him to the best of her ability, he also stated:

> The problem is not that I don't want her to represent me. I would like for her to represent me. But she can't give me answers when I ask her questions. It is either "I don't know, I don't think," and that is not an answer. I need facts, proof. When I ask a question, I would like to have proof of the answer, and she can't give me that. . . . I am – only the answers I am looking for is based on the law. It's not based on her opinion.

J.A. 62. The court reiterated that Ms. Grady was qualified to handle the case.

Thereafter, for reasons unrelated to the motions, counsel for the government requested that the trial be moved to April 16. After some discussion, and with the parties' consent, the court rescheduled the trial for May 1. In concluding the hearing, the court instructed Ms. Grady to inquire within her office to ascertain if another attorney could substitute for her, and it noted that such attorney would be permitted to substitute without a further hearing.

It does not appear from the record that Quintero-Acosta pursued his motion to substitute counsel after the hearing. Instead, on April 28 he appeared before the district court with Ms. Grady as his counsel to plead guilty. In a written statement that was filed with the court, the parties stipulated to the operative facts establishing Quintero-Acosta's guilt.

5

Quintero-Acosta signed the statement and noted that he had consulted with Ms. Grady beforehand. Likewise, Ms. Grady signed the statement and noted that she had reviewed it with Quintero-Acosta and that she believed he was making "an informed and voluntary decision." J.A. 83.

Although the issue was not specifically addressed, the plea colloquy suggests that Ms. Grady did not have any significant problem communicating with Quintero-Acosta after the motions hearing. For example, Quintero-Acosta averred that he had met with Ms. Grady, she had advised him it was in his best interest to plead guilty, and he was following her advice. J.A. 71-72. Moreover, Ms. Grady told the court that she had discussed the plea with Quintero-Acosta and that, in her opinion, he was knowingly and voluntarily pleading guilty. J.A. 77.

The district court sentenced Quintero-Acosta in mid-July. In a pre-sentencing memorandum, Quintero-Acosta (with Ms. Grady as counsel) stated that he did not object to the suggested guideline range of 24-30 months, and he requested that the court sentence him "at or below the low end" of the range. J.A. 85, 86, 90. The gist of his argument for such a sentence was that he had been in state custody since 2003 serving a sentence for drug possession, during that time he had rehabilitated himself, and he was facing removal upon the completion of his federal sentence. Ms. Grady reiterated this request during the

sentencing hearing.[1]  After Quintero-Acosta spoke briefly to the court, counsel for the government stated that he should be sentenced within the guideline range and that there was no basis for a sentence below the range.  The court then imposed the 24-month sentence.  The court's only explanation for the sentence was that it "is fair and reasonable and is within the advisory guideline range, which in the exercise of judicial discretion was found to be consistent with the requirements of 18 U.S.C. section 3553(a)."  J.A. 112.

Quintero-Acosta timely appealed.  As noted, he contends that the district court erred by denying his attempt to substitute counsel and by failing to provide an adequate statement of reasons for the sentence.

II

We first address the district court's denial of Quintero-Acosta's motions to substitute counsel.  "An indigent defendant [such as Quintero-Acosta] . . . has no right to have a particular lawyer represent him and can demand a different appointed lawyer only with good cause."  United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).  We review the denial of a motion to substitute counsel for abuse of discretion.

---

[1]  Indeed, at the sentencing hearing, Ms. Grady argued (albeit briefly) for a sentence of "time served."  J.A. 108.

United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004). In assessing this issue, we typically consider (1) the timeliness of the motion, (2) the adequacy of the district court's inquiry into the defendant's complaint about counsel; and (3) whether the defendant and counsel experienced a total lack of communication preventing an adequate defense; and we weigh these factors against the district court's interest in the orderly administration of justice. Id. at 156-57. Applying this analysis, we conclude that the district court did not abuse its discretion.

Coming ten days before the scheduled April 9 trial date, Quintero-Acosta's attempt to substitute counsel has at least the appearance of being untimely, and the district court apparently believed that to be the case inasmuch as it viewed the effort as a last-minute ploy. See generally Gallop, 838 F.2d at 108 (in finding a motion for substitution made 5 days before trial to be untimely, we stated that a "request for change in counsel cannot be considered justifiable if it proceeds from a transparent plot to bring about delay").[2] Moreover, although the court was rather brief with some of its observations, it did allow Ms. Grady and

---

[2] We recognize that Ms. Grady explained that her effort to maintain an effective relationship with Quintero-Acosta perhaps prolonged the filing of the motions, and we have no basis to question her veracity on this point.

8

Quintero-Acosta to speak regarding their relationship during the motions hearing.

While these factors are, of course, important to our analysis, we are ultimately persuaded to conclude that the district court did not abuse its discretion by the fact that Quintero-Acosta's specific comments (written and oral) simply do not establish that there was a total lack of communication preventing an adequate defense. For example, although he was not consistent on this point, Quintero-Acosta told the court during the hearing that he wanted Ms. Grady to remain as his attorney. Moreover, it is apparent from his comments that Quintero-Acosta was dissatisfied with Ms. Grady primarily because he believed that she lacked the requisite experience in criminal immigration cases and, consequently, he did not like her advice. This evidence is insufficient to establish entitlement to appointment of new counsel. See generally United States v. Anderson, 570 F.3d 1025, 1031 (8th Cir. 2009) (noting that a defendant cannot obtain new counsel merely by showing that he was frustrated with counsel's performance or that he disagreed with counsel's tactical decisions).

We further note that although the district court denied the motions, it nonetheless told Quintero-Acosta and Ms. Grady that it would permit substitute counsel from the public defender's office to replace her without a further hearing. This was, in

9

essence, a conditional grant of the motions. Additionally, after the conclusion of the motions hearing, there is nothing in the record to suggest that Quintero-Acosta experienced any difficulty communicating with Ms. Grady; indeed, the record strongly suggests the contrary. See generally United States v. DeTemple, 162 F.3d 279, 288-89 (4th Cir. 1998) (in affirming the denial of a pretrial motion for substitution of counsel, we stated that "[a] total lack of communication simply does not exist where the attorney and the client communicate significantly during trial").

In short, we find no abuse of discretion in the denial of the motions relating to substitution of counsel. Because that is the only basis on which Quintero-Acosta challenges his conviction, we affirm the conviction.[3]


III

We now turn to Quintero-Acosta's argument that the district court failed to adequately explain the basis for his sentence.

---

[3] Quintero-Acosta arguably waived his right to pursue this claim on appeal because he unconditionally pled guilty, and he does not argue that the plea was involuntary or unknowingly made. See United States v. Foreman, 329 F.3d 1037 1039 (9th Cir. 2003) ("We conclude that the right to appeal a pre-plea motion for substitution is waived by an unconditional guilty plea, unless the plea itself is challenged."). However, because we conclude that the district court did not abuse its discretion, we need not decide whether the claim is waived.

We review a criminal sentence for abuse of discretion, and our initial task is to ensure that the district court committed no significant procedural error. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). A district court's failure to adequately explain a chosen sentence – even one within the guideline range - constitutes procedural error. Id. at 328, 330.[4] When a party presents nonfrivolous reasons for imposing a sentence outside of the guideline range, "a district judge should address the party's arguments and 'explain why he has rejected those arguments.'" Id. at 328 (quoting Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456, 2468 (2007)).

Quintero-Acosta's sentencing guideline range was 24-30 months, he requested a sentence "at or below" the low end of the range and presented a nonfrivolous argument for such a sentence, and the court sentenced him to 24 months. In doing so, the court stated only that the sentence "is fair and reasonable and is within the advisory guideline range, which in the exercise of judicial discretion was found to be consistent with the requirements of 18 U.S.C. section 3553(a)." J.A. 112. The

---

[4] In Carter, we stated that "[r]egardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." 564 F.3d at 330.

court did not explain or even address Quintero-Acosta's request for a sentence below the guideline range.

On this record, we conclude that the district court committed procedural error by failing to adequately explain the basis for Quintero-Acosta's sentence. Accordingly, we vacate the sentence and remand for further proceedings.[5]

IV

Based on the foregoing, we affirm Quintero-Acosta's conviction, vacate his sentence, and remand for further proceedings.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

[5] At oral argument, the issue of mootness arose regarding Quintero-Acosta's appeal of his sentence because the record provides some indication that he may have already served his 24-month sentence. We directed the parties to file supplemental briefs on this issue, and we now agree with them that Quintero-Acosta's appeal of his sentence is not moot.