**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50107 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00363-GAF-1 |
| v. | |
| JOCELYN ESPINO JAVAN, AKA Joy Javan, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, United States District Judge, Presiding

Submitted June 7, 2010[**]
Pasadena, California

Before: D.W. NELSON and GOULD, Circuit Judges, and DOWD, Senior United States District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

Appellant Jocelyn Espino Javan appeals her conviction and sentence for four counts of health care fraud in violation of 18 U.S.C. § 1347 and one count of making a materially false statement in violation of 18 U.S.C. § 1001(a)(2). We have jurisdiction under 28 U.S.C. § 1291 and we AFFIRM.

I.

We first reject Javan's argument that the Government failed to present sufficient evidence to support her convictions. We review the sufficiency of the evidence underlying a conviction de novo. *United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir. 2003). We view the evidence in the light most favorable to the prosecution and affirm if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The Government presented evidence sufficient for a rational juror to find beyond a reasonable doubt that Javan "knowingly and willfully" intended to defraud health insurers, *see* 18 U.S.C. § 1347, including evidence that Javan knew Valley Medical Center ("VMC") would not charge patients a co-payment or deductible, assisted patients in signing multiple blank insurance billing forms, and knew that patients' insurers were billed thousands of dollars for medical procedures they never received. The Government also presented evidence

2

sufficient for a rational juror to find beyond a reasonable doubt that the VMC scheme affected interstate commerce, including evidence that defrauded insurer Blue Shield of California provided insurance to federal employees through participation in the Federal Employees Benefit Plan located in Washington, D.C., and that defrauded insurer CIGNA had its principal place of business in Pennsylvania and processed several VMC claims from Texas. Finally, the Government presented evidence sufficient for a rational juror to find beyond a reasonable doubt that Javan made a "materially" false statement to FBI Agent Murdoch, *see* 18 U.S.C. § 1001(a)(2), because her statement had the potential to affect the FBI's investigation, *United States v. Somsamouth*, 352 F.3d 1271, 1276 (9th Cir. 2003), including evidence that Javan's lie bought her time to inform VMC of the FBI's investigation before the FBI could obtain a search warrant to seize VMC's records.

## II.

We next reject Javan's argument that the district court committed plain evidentiary errors. "Under a plain error standard, relief is not warranted unless there is: (1) an error; (2) that was plain; and (3) that affected the defendant's substantial rights. Even if these conditions are met, reversal is discretionary and will be granted only if the error seriously affects the fairness, integrity, or public

3

reputation of judicial proceedings." *United States v. Tran*, 568 F.3d 1156, 1163 (9th Cir. 2009) (internal citations and quotation marks omitted).

The district court did not plainly err by allowing Agent Murdoch to testify about the use of fictitious business names in health care fraud. Contrary to Javan's assertion that Murdoch's testimony constituted "an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged" in violation of Federal Rule of Evidence 704(b), Murdoch's testimony did not refer to Javan and merely made a general point about why recruiters in insurance fraud schemes "sometimes use aliases, DBAs, and fictitious names."

Nor did the district court plainly err by failing to exclude evidence about Javan's link to Variel Golden Care under Federal Rule of Evidence 403. Evidence of a close and lucrative business relationship between Javan and Ray Shaolian, VMC's owner and the alleged mastermind of the VMC scheme, was probative of Javan's guilt because it undermined Javan's claim that she merely had an arms-length relationship with VMC.

### III.

We also reject Javan's argument that the district court committed reversible error when instructing the jury. Though the jury was erroneously instructed that it

4

need not find that Javan knew her conduct was illegal, that error was harmless because the jury was also instructed that in order to convict it had to find that Javan acted with "intent to deceive or cheat" health insurers. *United States v. Awad*, 551 F.3d 930, 940 (9th Cir. 2009). Javan cannot credibly assert that she did not know it was illegal to defraud health insurers. *Id.* at 941 (stating that "bill[ing] for services not rendered – in common parlance, theft," is a scheme "so bold and simple that no reasonable person could have thought it lawful").

Nor did the district court err by issuing Instruction No. 28. Contrary to Javan's characterization of this instruction, it does not instruct the jury that Javan broke the law simply by working as a paid patient recruiter or invite the jury to convict on that basis. Instead, the instruction specifically notes that Javan has not been charged with violation of any law prohibiting patient recruiting and instructs the jury that patient recruiting alone cannot support a conviction for health care fraud.

IV.

Finally, we reject Javan's argument that the district court erred at sentencing. We review for clear error both "[a] factual finding that a defendant obstructed justice," *United States v. Garro*, 517 F.3d 1163, 1171 (9th Cir. 2008), and "the district court's determination of the amount of loss attributable to a defendant for

5

sentencing," *United States v. Peyton*, 353 F.3d 1080, 1089 (9th Cir. 2003), *overruled on other grounds by United States v. Contreras*, 593 F.3d 1135, 1136 (9th Cir. 2010) (en banc) (per curiam). We review a restitution order for abuse of discretion, *United States v. Riley*, 335 F.3d 919, 931 (9th Cir. 2003), and any factual findings underlying such an order for clear error, *United States v. Foreman*, 329 F.3d 1037, 1039 (9th Cir. 2003).

The district court did not clearly err in applying a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Javan's arguments to the contrary presume that the district court based its enhancement solely on the fact that Javan made a false statement to Agent Murdoch about compensation from VMC. However, the district court concluded that Javan obstructed justice by informing her co-schemers of the FBI's investigation, not merely by lying to Agent Murdoch. This factual finding was not clearly erroneous because the Government presented evidence that Javan notified VMC of the FBI's investigation and that her tip led to VMC's closure and the destruction of its records.

Nor did the district court err in applying a sixteen-level enhancement for loss exceeding $1 million. The district court's finding that Javan was responsible for the entire $1,149,140 loss was not clearly erroneous. A defendant is responsible for the amount of loss resulting from "all reasonably foreseeable acts and

6

omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). As discussed above, the Government presented ample evidence that Javan was aware that VMC operated a large-scale services-not-performed insurance fraud.

Finally, the district court did not err by failing to explain why it chose not to apportion Javan's restitution liability under 18 U.S.C. § 3664(h). *See United States v. Mills*, 991 F.2d 609, 611 (9th Cir. 1993) (holding prior to the Mandatory Victim Restitution Act, that a district court deciding whether to award restitution to a victim was "not required to make findings of fact or even to discuss the [relevant statutory] factors on the record" (internal citations omitted)); *cf. United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the [relevant statutory] factors to show that it has considered them. We assume that district judges know the law and understand their obligation to consider all of the [relevant statutory] factors . . . .").

**AFFIRMED.**