**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50588 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00479-AHM-1 |
| v. | |
| CURTIS D. SOMOZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted October 13, 2011
Pasadena, California

Before: PREGERSON and BYBEE, Circuit Judges, and DAVIDSON, Senior District Judge.[**]

Curtis D. Somoza ("Somoza") appeals his conviction and 300 month

sentence for conspiracy, mail fraud, wire fraud, and transactional money

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Glen H. Davidson, Senior District Judge for the U.S. District Court for the Northern District of Mississippi, sitting by designation.

laundering—as well as the imposition of criminal forfeiture—arising from his operating a large Ponzi scheme. We affirm.

The district court did not abuse its discretion in denying Somoza's motion to withdraw his guilty plea. *See United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009). To successfully withdraw a guilty plea before sentencing, a defendant must "show a fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B). *See Showalter*, 569 F.3d at 1154. The district court properly apprised Somoza of how and when he could bring an ineffective assistance of counsel claim against his then-attorney Edward Robinson. Additionally, Somoza was not coerced by any party into pleading guilty, and he fully understood the nature of his plea. Thus, Somoza did not present a fair and just reason for withdrawing his plea.

By pleading guilty, Somoza waived his claim that the district court erred in denying his motion to substitute counsel. An unconditional guilty plea waives "the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Foreman,* 329 F.3d 1037, 1038 (9th Cir. 2003) (internal quotation marks omitted), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 949 (9th Cir. 2007) (en banc). Thus, this court lacks jurisdiction over Somoza's claim that the district court erred in denying his motion for substitute counsel.

2

The district court imposed a sentence which was procedurally and substantively reasonable. A court may only set aside a sentence if it is "procedurally erroneous or substantively unreasonable." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). The district court correctly found that Somoza did not merit a downward variance in his sentence based on the seriousness of his offense, that Somoza's sentence did not produce an unwarranted sentencing disparity, and that Somoza had defrauded over fifty victims of approximately $44 million dollars. Moreover, the district court did not give improper weight to its determination that Somoza's sentence should promote public recognition of the evils of Ponzi schemes. The district court properly considered the 18 U.S.C. §§ 3553(a)(2)(A)-(a)(2)(C) sentencing factors and crafted a sentence that was procedurally sound and substantively reasonable.

Accordingly, Somoza's sentence is **AFFIRMED**.