FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50388 |
| Plaintiff - Appellee, | D.C. No. 2:05-cr-00316-DSF-1 |
| v. | |
| JOHN S. LIPTON, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 5, 2012[**]
Pasadena, California

Before: PREGERSON, PAEZ, and HURWITZ, Circuit Judges.

John Lipton appeals a $2,915,427.16 restitution order, imposed after he pleaded guilty to conspiring to defraud the United States of tax revenue in violation of 18 U.S.C. § 371 and to willfully attempting to evade assessment and payment of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

individual income taxes in violation of 26 U.S.C. § 7201. He argues that the district court abused its discretion by holding him jointly and severally liable with his co-conspirators for the full amount of tax loss caused by the conspiracy.

Under 18 U.S.C. § 3664(h), the district court had the discretion either to "make each defendant liable for payment of the full amount of restitution or . . . apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." The district court expressly noted its discretion under the statute and chose to impose the full amount of restitution upon Lipton. The court noted that Lipton was not just a participant in the conspiracy, but was a manager and likely a leader. These observations are supported by the record; the district court therefore did not abuse its discretion by imposing the full amount of restitution upon Lipton.

Lipton also argues that the district court erred by imposing upon him the full amount of restitution because lesser amounts were imposed on some (but not all) of his co-conspirators. Because this argument was not made until his reply brief, it was waived. *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006). But even assuming the argument was not waived, we find it unpersuasive. Under § 3664(h), a judge may structure differing restitution amounts jointly and severally. *See United States v. Foreman*, 329 F.3d 1037, 1039 (9th Cir. 2003) *overruled on other grounds*

2

*by United States v. Jacobo Castillo*, 496 F.3d 947, 949 (9th Cir. 2007) (en banc);

*United States v. Klein*, 476 F.3d 111, 114 (2d Cir. 2007).

Finally, Lipton suggests that his restitution obligation will not be reduced by the amount of payments made by his co-conspirators. Such a concern is unmerited. Any payment made by one of the designated co-conspirators will reduce the total amount of restitution required from Lipton; a contrary result would improperly permit the United States to recover more restitution than the harm it suffered as a result of the conspiracy. *See Klein*, 476 F.3d at 114.

**AFFIRMED.**