**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff - Appellee,<br><br>　v.<br><br>ROBERTO MANUEL SANTOS-SALAZAR,<br><br>　　　　Defendant - Appellant. | No. 12-10361<br><br>D.C. No. 2:12-cr-00061-GMS-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 10, 2013[**]
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

Before: SCHROEDER and BYBEE, Circuit Judges, and TIMLIN, Senior District Judge.[***]

Appellant Roberto Manuel Santos-Salazar appeals his conviction by guilty plea and sentence for illegal reentry of a removed alien in violation of 8 U.S.C. § 1326. On appeal, Santos-Salazar argues (1) that the district court erred by denying his motions for new counsel when he indicated that he and his attorney had communication issues, and (2) that the sentence imposed was substantively unreasonable given the age of a 1996 domestic violence conviction that gave rise to the sixteen-level enhancement. We affirm.

1. "[A]n unconditional guilty plea . . . 'constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent constitutional defects.'" *United States v. Foreman*, 329 F.3d 1037, 1038 (9th Cir. 2003), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 949 (9th Cir. 2007) (en banc) (quoting *United States v. Reyes-Platero*, 224 F.3d 1112, 1114 (9th Cir. 2000)); *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding a valid guilty plea constitutes a complete waiver of claims of error occurring prior to plea, including claims arising out of the denial of a motion to

---

[***] The Honorable Robert J. Timlin, Senior District Judge for the U.S. District Court for the Central District of California, sitting by designation.

2

substitute counsel). As the record shows, the court conducted a thorough plea colloquy before concluding that Santos-Salazar was well-informed of his rights and competent to enter a plea. Accordingly, Santos-Salazar's motions for new counsel were waived by his unconditional guilty plea.

2. A circuit court reviews a district court's sentence for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). Sentences are reviewed for "reasonableness" and only substantively unreasonable or procedurally erroneous sentences are reversed. *Id.*

Santos-Salazar contends that his sentence was unreasonable under *United States v. Amezcua-Vasquez*, 567 F.3d 1050 (9th Cir. 2009), where we vacated an enhancement on the grounds that the defendant's twenty-five year-old conviction was "stale." *Id.* at 1055. Here, the end of Santos-Salazar's supervision from his 1996 conviction, by contrast, was December 24, 1999—only twelve years before his arrest for illegal reentry—and the district court gave some credence to the age of the conviction and lowered by eighteen months the imposed sentence from that recommended in the Presentence Investigation Report.

Nothing in the record suggests that the sentence was otherwise substantively or procedurally unreasonable upon review of the totality of the circumstances. *Gall*, 552 U.S. at 51. Procedurally, the court did not fail to calculate the sentencing

guidelines or weigh the 18 U.S.C. § 3553(a) sentencing factors, and it did not rely on erroneous facts, or fail to explain its sentence. *See Carty*, 520 F.3d at 993. To the contrary, the court weighed the 3553(a) factors carefully and specifically found that Santos-Salazar "remains a danger to the public" such that it was appropriate to impose a "significant sentence to deter him from further returning to the United States." The judgment of the district court is

**AFFIRMED.**