**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.   15-10438 |
| Plaintiff-Appellee, | D.C. Nos. 4:13-cr-00882-CKJ |
| v. | 4:15-cr-00176-CKJ |
| JOEL MARTINEZ-PEREZ, a.k.a. Joel Martinez Perez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted August 16, 2016[**]

Before:     O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Joel Martinez-Perez appeals from the district court's judgment and

challenges his guilty-plea conviction for reentry of a removed alien, in violation of

8 U.S.C. § 1326, and the revocation of his term of supervised release. We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2). Accordingly, Martinez-
Perez's request for oral argument is denied.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Martinez-Perez's motion to expand his notice of appeal is granted. Martinez-Perez's pro se notice of appeal identified both judgments from which he was appealing. Although he indicated that he was appealing only his sentences, we consider his challenges to his conviction and revocation because the government has fully briefed those issues. *See United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997).

Martinez-Perez contends that the district court erred by denying his counsel's pre-plea motion to withdraw. He waived his right to appeal this issue in his illegal reentry case when he entered his unconditional guilty plea.[1] *See United States v. Foreman*, 329 F.3d 1037, 1038-39 (9th Cir. 2003), *abrogated on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 949 (9th Cir. 2007) (en banc). Martinez-Perez argues that we may consider this issue in his supervised release case because his admission was not knowing and voluntary. He asserts that he could not communicate with his counsel and that the magistrate judge violated Federal Rule of Criminal Procedure 32.1 by failing to advise him of the rights he

---

[1] In light of this conclusion, we do not reach the government's alternate argument that Martinez-Perez waived his right to appeal the court's denial of the motion to withdraw in his illegal reentry case pursuant to the appeal waiver in the parties' plea agreement.

was waiving and the penalties he could face by his admission.  The record reflects, however, that Martinez-Perez knowingly and voluntarily pled guilty to being in the United States illegally on December 29, 2014.  He was informed of the rights he was waiving by pleading guilty, that he could receive a sentence up to 78 months, and that he could receive a concurrent or consecutive sentence for his violation of supervised release.  On this record, we cannot conclude that Martinez-Perez's admission to violating supervised release was not knowing and voluntary.

**AFFIRMED.**