**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1497 |
| Plaintiff - Appellee, | D.C. No. |
| v. | 8:21-cr-00123-DOC-1 |
| HECTOR OHM, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted May 14, 2025[**]
Pasadena, California

Before:  IKUTA, R. NELSON, and LEE, Circuit Judges.

Hector Ohm appeals his conviction on the ground that his guilty plea was involuntary.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Based on the totality of the circumstances, *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001), Ohm voluntarily entered his plea. Ohm expressed his intent to plead guilty several times before the change-of-plea hearing, and he affirmed that he wanted to proceed with entering his plea on multiple occasions during the change-of-plea hearing. During Ohm's pre-plea hearing on substitution of counsel, the district court addressed Ohm's concerns about counsel. Ohm's argument that the court's pre-plea comments coerced him into entering the plea, do not overcome the "great weight" and "strong presumption of verity" that we give his plea colloquy statements to the contrary, *United States v. Anderson,* 993 F.2d 1435, 1438 (9th Cir. 1993) (citation omitted), *overruled on other grounds by United States v. Davila*, 569 U.S. 597, 608–10 (2013), which we credit over his subsequent arguments, *see United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984). Nor was Ohm coerced by having to choose between continuing with his guilty plea or proceeding to trial with his existing counsel. *See United States v. Foreman*, 329 F.3d 1037, 1039 (9th Cir. 2003), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 949–50 (9th Cir. 2007) (en banc); *cf. Brady v. United States*, 397 U.S. 742, 746–47 (1970).

Ohm's argument that his decision was coerced by insufficient time likewise fails. Ohm had been negotiating his plea agreement for months, had signed and

filed his plea agreement weeks before the change-of-plea hearing, and signed and affirmed a certification stating he had sufficient time to review and consider the agreement and that he had carefully and thoroughly discussed every part of it with his attorney.

Because Ohm has not shown his plea was involuntary, his plea agreement is enforceable. He has no other argument that his guilty plea is invalid.

**AFFIRMED.**